**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 17-20354-CR-COOKE(s)**

**UNITED STATES OF AMERICA**

**vs.**

**GERALD SLOANE WALLACE,**

**Defendant.**
**______________________________/**

**SUPPLEMENT TO GOVERNMENT'S MOTION FOR**
**PRETRIAL DETENTION AND INCORPORATED MEMORANDUM OF LAW**

The United States of America respectfully files this supplement to its Motion for Pretrial Detention and Incorporated Memorandum of Law, which was filed with this Court on June 7, 2017.

*Background*

As this Court recalls, On February 22, 2017, a member of The Islamic Center of Greater Miami-Masjid Miami Gardens (also known as Muslim Communities Association of South Florida) (hereinafter "Masjid Miami Gardens"), discovered a threatening message that had been left on the Masjid Miami Garden's voicemail system. The voicemail stated:

> Fuck you Muslims, fuck Mohammed, fuck the Koran and fuck Islam. I hate you Muslims, you Muslims are terrible. I hate you people. ***I'm gonna go down to your center, I'm gonna shoot all ya'll.*** Fuck you, I hate your Allah, I hate your Koran, I hate everything about Islam. You people are worthless shit. Go to hell. Fuck you (emphasis added).

This mosque provides a place for religious worship and other religious services such as conversions, marriages, funerals, and operates a Sunday school for children ages five and older.

Investigation by agents of the Federal Bureau of Investigation (FBI) and the Miami Gardens Police Department connected defendant Gerald Wallace to the cellular telephone that was used to leave the aforementioned message at Masjid Miami Gardens. Wallace was taken into custody, given a *Miranda* warning, and waived those rights. He then agreed to a video-recorded interview with the investigators. During the interview, Wallace admitted that he had left the voicemail message above at Masjid Miami Gardens and that he had left several similar voicemail and email messages at various mosques in the South Florida area.

Subsequently, on May 25, 2017, defendant Wallace was indicted and charged with Interstate Transmission of a Threat to Injure under Title 18, United States Code, Section 875(c). The government moved to have the defendant held in pretrial detention as a danger to the community, and a hearing was held on the government's motion on June 12, 2017. During the hearing on the motion, the Court identified as an issue whether the lone count of the indictment constituted a crime of violence as that term is used pursuant to 18 U.S.C. §3156(a)(4).[1] Since that time, however, the grand jury has returned a superseding indictment which adds, as the new Count 1, the offense of Obstruction of

1 The other issue discussed by the Court at the pretrial detention hearing was in response to the suggestion by the defense that since the Court had dismissed a similar charge under the same statute in *United States v. Henry*, Case No. 15-20930-CR-DLG, that the instant case was somehow infirm. While such a dismissal prevents the government from taking an appeal, this case is factually distinguishable from *Henry*. However, rather than arguing on the merits of this matter, the government submits that such an argument should be the subject of a separate motion to dismiss the indictment and presented to the district court for consideration. Therefore, the government will refrain from arguing this matter in this pleading.

Persons in the Free Exercise of Religious Beliefs through the Threatened Use of a Dangerous Weapon in violation of 18 U.S.C. §§ 247(a)(2) and (d)(3). Because this charge alleges that defendant Wallace committed this offense with the threatened use of a dangerous weapon, the maximum sentence for this count of the superseding indictment is twenty years. Consequently, the government submits this supplemental pleading to address the Court's concern as well as to inform the Court of the impact of this new charge against the defendant.

*Memorandum of Law and Argument*

The Bail Reform Act empowers the Court to detain a defendant pending trial upon a finding that the defendant is a danger to the community when the crime for which he is accused is a crime of violence. *See* 18 U.S.C. §§ 3142(e)(1) an (f)(1)(A). A finding that a defendant represents a danger to the community must be supported by a clear and convincing evidence. 18 U.S.C. § 3142(f)(2).

18 U.S.C. § 3156(a)(4)(A) defines a crime of violence as "an offense that has as an element of the offense the use, attempted use, or *threatened use of physical force* against the person or property of another" (emphasis added). This clause of Section 3156(a)(4), as opposed to the residual clause in subsection (B) or the enumerated clause in subsection (C), requires only that an element of the offense incorporate the "threatened" use of physical force. The Eleventh Circuit Pattern Offense Instruction 30.3 provides in relevant part that the elements of 18 U.S.C. § 875(c), are: "(1) the Defendant knowingly sent a message in interstate commerce containing a *true threat to injure* the person of another; and (2) the Defendant sent the message with the intent to communicate a true threat or with the knowledge that it would be viewed as a true threat".

Eleventh Pattern Offense Instruction O30.3 (2016) (emphasis added). It further defines a "true threat" as "a serious threat . . . that is made under circumstances that would place a reasonable person in fear of being injured." Thus, the government submits, an element of the charged § 875(c) offense in defendant Wallace's indictment has as an element the threatened use of physical force to cause injury.

In sum, the defense has argued that using the categorical approach required in such cases requires the court to look solely at the elements of the charged offense. That argument continues that the element of the § 875(c) offense, which necessitates proof that a defendant issued "a true threat to injure the person of another" is not the same as the requirement in the definition of a crime of violence under § 3156(a)(4)(A) where the operative language calls for the "threatened use of physical force against the person or property of another."

While the government would take issue with the defense position on this issue. The addition of the charge of violation 18 U.S.C. § 247(a)(2) makes moot the argument made by the defense regarding § 875(c). This is so because § 247(a)(2) has as its elements: "(1) intentional (2) obstruction [of] the victim's enjoyment of the free exercise of religious beliefs (3) by force (4) resulting in death, where the offense (5) is in or affects interstate commerce." *United States v. Roof*, No. 2:15–472 2017 WL 1957464 *4. (D.S.C. May 10, 2017). The only difference between the elements in *Roof* and those in the case at bar is that in *Roof* the fourth element contained the language "resulting in death," where here such element should read, "with the threatened use of a dangerous weapon."

In *Roof*, the court considered whether § 247(a)(2) was categorically a crime of violence as defined in section 924(c). The court held that § 247(a)(2) indeed was

categorically a crime of violence because according to the text of the statute, "[t]he elements are conjunctive; the Government must prove every element" and the "statute therefore requires the 'use of force.'" *Id.* Although the court omitted the "or threat of force" portion of the statutory language, this makes no difference to the analysis because the term "crime of violence" is defined as a felony offense that has as an element "the use, attempted use, or *threatened use* of physical force against the person or property of another (emphasis added)." *See id.* at *3; 18 U.S.C. §16(a). Notably, the court's reasoning did not turn on the "resulting in death" element, so neither should that affect the analysis.

In *United States v. Doggart*, 1:15-39 2017 WL 2416920 (E.D. Tenn. June 2, 2017) the defendant was charged under §§ 247(a)(1) and (d)(3). Following his conviction, the defendant argued that § 247 could not support a federal solicitation charge because it is not categorically a crime of violence. The district court rejected this argument, and conducted its "crime of violence" analysis by looking at subsection (d)(3) – the same subsection that applies to proposed superseding Count 1 here. Because that subsection requires the government to prove that the act "include[s] the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire" the court in *Doggart* rejected the defendant's argument that § 247 was not a crime of violence. 2017 WL 2416920 at *6.

*Conclusion*

Based upon the averments in the government's Motion for Pretrial Detention and Memorandum of Law, the arguments presented at the hearing thereon, and in the

supplements submitted by both parties, the United States respectfully renews its request that defendant Gerald Sloane Wallace be detained pending his trial.

Respectfully submitted,

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

By: /s/ Harry C. Wallace, Jr.

HARRY C. WALLACE, JR.
Assistant United States Attorney
Florida Bar No 0623946
99 NE 4th Street
Miami, Florida 33132
Tel: (305) 961-9401
Fax: (305) 536-4675
E-mail: harry.wallace@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 16, 2017, a true and correct copy of the foregoing was filed using CM/ECF.

/s/ Harry C. Wallace, Jr.

HARRY C. WALLACE, JR.
Assistant United States Attorney